NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000019**
**30-JUN-2017**
**09:27 AM**

NO. CAAP-17-0000019

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GAIL ANN KOSIOREK, Individually and as Trustee,
Plaintiff/Counterclaim Defendant-Appellee,
v.
GRAEME DONALD MANKELOW, Individually and as Trustee,
Defendant/Counterclaim Plaintiff-Appellant
and
LINDA MAE HENRIQUES, Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-0152)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record,[1] it appears that we lack
jurisdiction over this appeal by Defendant/Counterclaim
Plaintiff-Appellant Graeme Donald Mankelow and Defendant-
Appellant Linda Mae Henriques (collectively, **Appellants**) because

---

[1] We also note that on June 23, 2017, this court issued an "Order
Granting in Part the June 7, 2017 Stipulation to Correct Omission from Record
on Appeal," which directs the First Circuit Court clerk to supplement the
record on appeal with a particular letter from counsel to the First Circuit
Court concerning deposition transcripts, or indicate why doing so is
impracticable.

the Circuit Court of the First Circuit (**circuit court**)[2/] has not reduced its dispositive rulings on substantive claims to a separate, appealable, final judgment, as Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016) and Rule 58 of the Hawai'i Rules of Civil Procedure (**HRCP**) require for an appeal from a civil, circuit-court case under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

"Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a) (Repl. 2016). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015).

The Hawai'i Supreme Court has held that a final judgment in a case involving multiple claims or parties "(a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, *on its face,* either resolve all claims against all parties or contain the finding necessary

---

[2/] The Honorable Edwin C. Nacino presided.

for certification under HRCP 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

This case involves multiple claims: Counts One, Two, Three, and Four in the Complaint and the claim(s) concerning title, in the "Supplemental Complaint." The January 4, 2017 Rule 54(b) Final Judgment (**Judgment**) enters judgment in favor of Plaintiff/Counterclaim Defendant-Appellee Gail Ann Kosiorek (**Kosiorek**), pursuant to the court's January 4, 2017 "Order Granting [Kosiorek's] Motion for Partial Summary Judgment on Supplemental Complaint and for Entry of Rule 54(b) Final Judgment, (Filed on June 17, 2016)" (**Order Granting MPSJ**). The Judgment enters judgment "on the title claims" in the Supplemental Complaint in favor of Kosiorek, and explicitly states that "[a]ll Parties and all Claims set forth in the Complaint filed January 27, 2016 and in [Mankelow's] Counterclaim filed March 28, 2016 are not affected by this Judgment and remain for later adjudication." Thus, the Judgment does not resolve all of the claims.

"If the judgment resolves fewer than all claims against all parties or reserves any claim for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification, under HRCP [Rule] 54(b)" including "the necessary finding of no just reason for delay." Jenkins, 76 Hawai'i at 119-20, 869 P.2d 1338-39. Here, the Rule 54(b) Final Judgment does not include the necessary finding of "no just reason for delay" and, thus, does not include the language necessary for Rule 54(b) certification. Although the Order Granting MPSJ includes a finding of "no just reason for delay," the Hawai'i Supreme Court has held that a non-final, circuit-court order is not independently appealable, even if it includes HRCP Rule 54(b)-certification language, but "must be reduced to a judgment and the [HRCP Rule 54(b)] certification must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). Additionally, the Judgment does not state against whom the

3

judgment is entered. Therefore, the Judgment does not satisfy the requirements for an appealable, final judgment under HRS § 641-1(a), HRCP Rules 58 and 54(b), and the holding in Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral-order doctrine, and HRS § 641-1(b), none of the exceptions applies. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Therefore, IT IS HEREBY ORDERED that Appeal No. CAAP-17-0000019 is dismissed for lack of appellate jurisdiction.

IT IS HEREBY FURTHER ORDERED:

(1) the First Circuit Court clerk shall take no further action on the June 23, 2017 "Order Granting in Part the June 7, 2017 Stipulation to Correct Omission from Record on Appeal"; and

(2) the appellate clerk shall serve a copy of this order on the First Circuit Court clerk.

DATED: Honolulu, Hawai'i, June 30, 2017.

Presiding Judge

Associate Judge

Associate Judge

4